UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 2:10-CV-03229 JAM-CKD |
| Plaintiff, | ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES |
| v. | |
| PETER JAMES LUHN and CORBIN JERRETT POIRIER, individually, and d/b/a/ MATINEE a/k/a CIBO DI VINO & THE MATINEE LOUNGE, | |
| Defendants. | |

This matter comes before the Court on J & J Sports Productions, Inc.'s ("Plaintiff's") Motion to Strike Defendants' Affirmative Defenses ("MTS") (Doc. #15) contained in Peter James Luhn and Corbin Jerrett Poirier, individually, and d/b/a/ Matinee a/k/a Cibo Di Vino & The Matinee Lounge's (collectively "Defendants'") Answer to Complaint ("Answer") (Doc. #12). Defendants oppose the motion in part ("Opposition") (Doc. #20).[1]

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendants intercepted the *Oscar De La Hoya v. Manny Pacquiao Welterweight Championship Fight* program

---
[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

1 ("the Program") when it was broadcast on December 6, 2008 and
2 caused it to be exhibited at their place of business without
3 Plaintiff's authorization.  Plaintiff is the nationwide commercial
4 distributor of the Program, and assignee of the Copyright in the
5 Program for enforcement purposes.  Plaintiff filed this lawsuit
6 alleging violations of the Copyright Act, 17 U.S.C. §§ 101-1332, a
7 cause of action based on the state law tort of conversion, and
8 violations of California Business and Professions Code § 17200, *et*
9 *seq*.
10     Defendants deny the allegations in the complaint, and assert
11 seven affirmative defenses: 1) Failure to State a Claim for Relief,
12 2) Failure to Mitigate, 3) Third Party Acts, 4) No Proximate
13 Causation, 5) License/Bonafide Purchaser, 6) Failure to Join an
14 Indispensable Party, and 7) Equitable Estoppel.  Plaintiff seeks to
15 strike all seven affirmative defenses.
16     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and
17 1367.
18                           II.  OPINION
19   A.   Legal Standard
20     A Motion to Strike is brought pursuant to Federal Rule of
21 Civil Procedure 12(f).

> Rule 12(f) provides in pertinent part that the Court
> may order stricken from any pleading any insufficient
> defense or any redundant, immaterial, impertinent, or
> scandalous matter. . . .  Motions to strike are
> disfavored and infrequently granted.  A motion to
> strike should not be granted unless it is clear that
> the matter to be stricken could have no possible
> bearing on the subject matter of the litigation.

Bassett v. Ruggles, No. CV-F-09-528-OWW-SMS, 2009 WL 2982895,
at *24 (E.D. Cal. Sept. 14, 2009) (internal citations

1 | omitted).[2]  A motion to strike applies to any part of a
2 | pleading, including affirmative defenses.  F. R. Civ. Proc.
3 | 12(f).  "Affirmative defenses plead matters extraneous to the
4 | plaintiff's prima facie case, which deny plaintiff's right to
5 | recover, even if the allegations of the complaint are true."
6 | Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262
7 | (E.D. Cal. 1987).
8 |     "[A motion to strike] should only be granted if the
9 | matter . . . may prejudice one or more of the parties to the
10 | suit."  N.Y. City Employees' Ret. Sys. v. Berry, 667 F.Supp.2d
11 | 1121, 1128 (N.D. Cal. 2009) (internal citations omitted).
12 | Prejudice may be found where superfluous pleadings may confuse
13 | the jury, or where a party may be required to engage in
14 | burdensome discovery around frivolous matters.  Neilson v.
15 | Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal.
16 | 2003) (avoiding confusion); Canadian St. Regis Band of Mohawk
17 | Indians ex rel. Francis v. New York, 278 F.Supp.2d 313, 325
18 | (N.D. N.Y. 2003) (avoiding increased expense and burdensome
19 | discovery).
20 |     B.   Discussion
21 |          1.   Defenses 1-4
22 |     Plaintiff argues that the first four affirmative defenses
23 | pleaded by Defendants fail to meet the Rule 8(c) pleading standard
24 | for answers and that the pleaded defenses are legally insufficient.

---

[2] Plaintiff correctly points out that the Ninth Circuit has not yet determined whether the Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), pleading standard applies to answers filed under Rule 8(c). See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010).  The Court declines to reach this issue as doing so is not necessary to resolve the present motion.

3

MTS, at 6-8.  Defendants do not oppose the motion with regard to these four affirmative defenses.  Accordingly, Plaintiff's motion is GRANTED with respect to the first four affirmative defenses in Defendants' Answer.

### 2. License/Bona Fide Purchaser

Defendants allege in their Answer that they were granted a license to display the Program by an entity, Comcast of California XIII ("Comcast"), which was a sublicensee of Plaintiff.  Answer, at 6.  Plaintiff responds that Comcast was not a sublicensee of Plaintiff.  MTS, at 7.  Plaintiff also argues that even if Defendants' defense is legally valid, it is not correctly pleaded.  MTS, at 8.

The Court agrees with Plaintiff that this affirmative defense is misclassified as 'affirmative,' because it deals directly with an element of Plaintiff's prima facie claim of Copyright infringement.  As an element of that claim, Plaintiff alleges that Defendants' showing of the Program occurred without permission.  Complaint (Doc. #1) ¶ 15.  Defendants deny this allegation, presumably on the grounds that they had permission.  Answer ¶ 15.  Since this defense deals only with an element of Plaintiff's prima facie case, authorization to show the Program, and Defendants already denied the allegation that they lacked permission, this affirmative defense is redundant and incorrectly characterized.  Main Hurdman, 655 F. Supp. at 262 (an affirmative defense deals only with facts extraneous to a plaintiff's prima facie case).

Plaintiff, however, does not indicate how it is prejudiced by the presence of this defense.  Ultimately, the issue remains part of the litigation as part of Plaintiff's prima facie case even if

4

the motion is granted.  "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike even though the offending matter literally was within one or more of the categories set forth in Rule 12(f)." <u>N.Y. City Employees' Ret. Sys. v. Berry</u>, 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009) (internal quotations omitted).  Accordingly, Plaintiff's motion to strike this defense is DENIED.

        3.    <u>Failure to Join an Indispensable Party</u>

Plaintiff moves to strike this affirmative defense on the grounds that Comcast is not a necessary party because it was not Plaintiff's sublicensee.  MTS, at 8-9.  Plaintiff also argues that it should be stricken as a matter of law.  MTS, at 9.  Defendants respond that the defense is sufficient because "[i]f the relationship between Plaintiff and Comcast is such that Comcast may grant licenses for the display of the program, Defendants [sic] defense of Comcast being an indispensable party may be successful."  Opp., at 3.  Ostensibly to that end, Defendants impleaded Comcast by filing a third party complaint on July 14, 2011 (Doc. #13).  Comcast answered the third party complaint on October 3, 2011 (Doc. #23).

Comcast's addition to this suit means that Plaintiff's suit is not affected by any burden involved with joining Comcast, as Defendants already took that step.  Plaintiff cannot show the requisite prejudice stemming from this affirmative defense in light of Comcast's recent joinder, and motions to strike are disfavored.  As a result, the Court DENIES the motion to strike this affirmative defense.

        4.    <u>Equitable Estoppel</u>

1        Finally, Defendants included the seventh affirmative defense
2   of Equitable Estoppel in their Answer.  Defendants allege that
3   Plaintiff "voluntarily provided Defendant [sic] with access to the
4   Plaintiff's Program, with [the] knowledge . . . and the intention
5   that Defendant [sic] act upon access to the Program and indeed
6   display and broadcast the Program at Defendant's [sic] place of
7   business."  Answer, at 6-7.  Defendants also allege that they were
8   ignorant that the license provided by Comcast did not permit them
9   to display the Program, as they relied on Plaintiff's
10  representation.  Answer, at 6.  Plaintiff argues that Comcast is
11  not a sublicensee, and that even if it was, mistake as to the scope
12  of the license granted to Defendants is no defense.  MTS, at 9.
13       Equitable estoppel is a defense to copyright infringement in
14  the Ninth Circuit.  Kramer v. From The Heart Prods., Inc., 300 F.
15  App'x 555 (9th Cir. 2008).  The elements of equitable estoppel in
16  this context are: 1) the copyright holder knew that the infringer
17  was going to do the acts later claimed as infringing; 2) the
18  holder, through conduct or words, supported the action; and 3) the
19  infringer detrimentally relied on the holder's representations.
20  See id. at 556-57.
21       While the Court declines to decide at this time whether or not
22  the Twombly pleading standard applies to affirmative defenses, for
23  the purposes of this motion, if an affirmative defense meets
24  "Twombly's heightened pleading standard[,]" it meets the lesser
25  pre-Twombly standard as well.  Barnes v. AT&T Pension Benefit, 718
26  F.Supp.2d 1167, 1172 (N.D. Cal. 2010).  To meet the Twombly
27  standard, a party needs to plead "enough facts to state a claim to
28  relief that is plausible on its face."  Twombly, 550 U.S. at 570.

6

The Court does not agree with Plaintiff's characterization that Defendants' seek to raise ignorance of the law as a defense. Rather than pleading ignorance as an excuse, the Court finds that Defendants are alleging that Plaintiff, through its actions, represented that it would not enforce its copyright against Defendants. Answer, at 6. Further, Defendants allege that Plaintiff knew they were going to broadcast the Program and that it provided the license Defendants intended to use to broadcast the program. Id. Defendants further allege that they detrimentally relied on Plaintiff's decision to provide access to the program, knowing that Defendants intended to broadcast it. Id., at 6-7.

Here, Defendants adequately pleaded all of the elements of an equitable estoppel defense with sufficient particularity to make the allegations "plausible on [their] face." Twombly, 550 U.S. at 570. That the allegations may be baseless or factually incorrect is not currently before the Court. S.E.C. v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (granting a motion to strike can be precluded by outstanding questions of fact). At this stage, Defendants successfully pleaded an affirmative defense, which if successful will limit their liability even if the facts alleged in the Complaint are true. See Main Hurdman, 655 F. Supp. at 262. For these reasons, Plaintiff's motion to strike this defense is DENIED.

### III. ORDER

After carefully considering the papers submitted in this matter, it is hereby ordered that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part as follows:

7

1. Plaintiff's unopposed motion to strike Defendants' affirmative defenses 1-4 is GRANTED;

2. Plaintiff's motion to strike Defendants' affirmative defenses 5-7 is DENIED.

IT IS SO ORDERED.

Dated: October 24, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE